**Gregory SCHERR, Plaintiff—Appellant,**

v.

**FLEETBOSTON FINANCIAL CORPORATION GROUP LONG TERM DISABILITY PLAN, Defendant—Appellee.**

No. 08–55479.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2009.[*]

Filed May 13, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert J. Rosati, Fresno, CA, for Plaintiff–Appellant.

Pamela E. Cogan, Esquire, Susan H. Handelman, Esquire, Ropers, Majeski, Kohn & Bentley, Redwood City, CA, for Defendant–Appellee.

Before: HALL, KLEINFELD and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Gregory Scherr appeals Liberty Life Assurance Company of Boston's denial of long term disability benefits. We affirm.

Both *Metropolitan Life Insurance Co. v. Glenn*, —— U.S. ——, 128 S.Ct. 2343, 2346, 171 L.Ed.2d 299 (2008), and *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 959 (9th Cir.2006) (en banc), hold that an ERISA plan administrator's structural conflict of interest is considered as a factor in determining whether it abused its discretion. It was considered.

The district court did not err in discounting the importance of Liberty's structural conflict of interest, because Liberty used truly independent doctors and a neutral review process. *Abatie*, 458 F.3d at 969 n. 7. Giving the three independent doctors the full background, including notes from both treating and consulting doctors, does not raise an inference of bias. *Cf. Glenn*, 128 S.Ct. 2343, 2352 (2008) (suggesting that failing to provide independent experts with all relevant information is a "serious concern").

The Social Security determination is not binding on Liberty. *See Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1285–86 (9th Cir.1990). Liberty does not have a "procedural requirement" to explain its reasons for rejecting the diagnoses of Scherr's treating physicians. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 n. 4, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003).

Liberty did not minimize the effects of Scherr's pain or the side effects of his pain medication. Instead, it relied on multiple doctors' opinions that Scherr's pain was not disabling. Scherr's own doctor noted that the side effects of the pain medication were minimal and he suffered no sedation or confusion. "That the administrator ultimately rejects the applicant's physicians' views does not establish that it 'ignored' them." *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 878 (9th Cir.2004).

Nor did Liberty rewrite the plan to include a "with accommodations" provision. In contrast to *Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 457 (9th Cir.1996), Liberty did not suggest that any special accommodation was necessary for Scherr to work in the occupations for which Liberty determined he is qualified.

Even if 29 C.F.R. § 2560–503.1(h)(3)(iii) and (v) required Liberty to consult a seventh health care professional even though

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Scherr did not file any new information requiring medical judgment, any procedural violation is entitled to little weight given Liberty's "ongoing, good faith exchange of information" and Scherr's failure to demonstrate prejudice. *Abatie,* 458 F.3d at 972–73 (quotation marks and citations omitted).

Considering the combination of the factors, Liberty did not abuse its discretion in denying Scherr benefits. Six different doctors all opined that Scherr is capable of returning to full-time sedentary work. "[A]s long as the record demonstrates that there is a reasonable basis for concluding that the medical condition was not disabling, the decision cannot be characterized as arbitrary, and we must defer to the decision of the plan administrator." *Jordan,* 370 F.3d at 879.

**AFFIRMED.**